# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN DAVID RUELAS,

        Petitioner,         Case Number: 06-CV-11994

v.        HON. DENISE PAGE HOOD

HUGH WOLFENBARGER,

        Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS,
DENYING PETITIONER'S MOTION TO STAY AND ABEY FEDERAL
HABEAS PROCEEDINGS, DENYING WITHOUT PREJUDICE
PETITIONER'S MOTION FOR EVIDENTIARY HEARING, AND
SETTING DEADLINE FOR RESPONSIVE PLEADING**

Petitioner John David Ruelas has filed a *pro se* petition for a writ of habeas corpus. Petitioner, who is currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, challenges his conviction for second-degree murder. Now before the Court are Respondent's Motion to Dismiss, Petitioner's Motion to Stay and Abey Federal Habeas Proceedings, and Petitioner's Motion for Evidentiary Hearing.

**I.**

On July 17, 2002, Petitioner pled guilty to open murder in exchange for the dismissal of a second felony offender charge. Following a degree hearing, Petitioner was found guilty of second-degree murder. He was sentenced to 250 months to 40 years imprisonment.

Petitioner filed an appeal to the Michigan Court of Appeals. The Michigan Court of Appeals dismissed the appeal for lack of jurisdiction. *People v. Ruelas*, No. 243446 (Mich. Ct. App. Sept. 17, 2002).

Petitioner filed a motion to withdraw his guilty plea in the trial court. The trial court denied the motion on January 5, 2004. *People v. Ruelas*, No. 02-000770-FC (Jackson County Circuit Court Jan. 5, 2004).

Petitioner then filed another motion to withdraw his plea in the trial court. The trial court construed the motion as a motion for relief from judgment, which it denied. *People v. Ruelas*, No. 02-000770-FC (Jackson County Circuit Court Jan. 9, 2004).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, seeking to appeal the trial court's denial of his motion to withdraw plea. The application was denied. *People v. Ruelas*, No. 253463 (Mich. Ct. App. March 3, 2004). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, which was denied. *People v. Ruelas*, 471 Mich. 927 (2004).

Petitioner filed a second application for leave to appeal to the Michigan Court of Appeals, this time seeking to appeal the trial court's denial of his second motion to withdraw his guilty plea, which was construed by the trial court as a motion for relief from judgment. The Michigan Court of Appeals denied leave to appeal. *People v. Ruelas*, No. 260055 (Mich. Ct. App. July 29, 2005). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was also denied. *People v. Ruelas*, 474 Mich. 1067 (2006).

While the second application for leave to appeal was pending before the Michigan Supreme Court, Petitioner filed a "motion for acquittal" in the trial court. The trial court denied the motion. *People v. Ruelas*, No. 02-000770-FC (Jackson County Circuit Court Dec. 14, 2005).

Petitioner then filed the pending Petition for Writ of Habeas Corpus, presenting the

following claims:

    I.      Petitioner's lower court counsel and appellate counsel were ineffective within the meaning of Const. 1963, Art. 1, §20, and the Sixth Amendment to the United States Constitution.

    II.     Petitioner's statement to Detective Schutte was coerced by physical violence and threats of physical violence.  Trial counsel was ineffective for failing to raise this issue which created an involuntary plea.

    III.    Was Petitioner harmed when he was improperly informed that manslaughter would be considered by the trial court, when it was not, and was not informed that probation was not a possibility under his plea?

    IV.    Was Petitioner harmed when the trial court committed error when it did not advise the Petitioner that he would be giving up his constitutional right to appeal.

    V.     The trial court erred in scoring prior record variable at 25 points resulting in Defendant's sentence being improperly enhanced on that basis, and the basis of factual findings not admitted by his plea i.e. the scoring of offense variables, contrary to his Sixth Amendment right to a jury trial and his Fourteenth Amendment Right to Due Process.

(Br. in Supp. of Pet. for Writ of Habeas Corpus at 1-2)

## II.

Respondent filed a Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus on the ground that certain of Petitioner's claims are unexhausted, as he failed to fairly present them as federal constitutional claims in state court.  Respondent asserts that (1) Petitioner's second claim regarding coercion was not exhausted because Petitioner raised a new argument in his Petition that he was told he would receive the low end of the guidelines; (2) Petitioner's third claim regarding manslaughter was not exhausted because, although this issue was raised in state court, Petitioner failed to assert that his constitutional rights were violated; (3) Petitioner's fourth claim regarding being informed that he was giving up his right to appeal was not exhausted, because although the issue was raised in Petitioner's first appeal, he did not raise it as a federal

3

claim; and (4) Petitioner's fifth claim regarding guideline scoring was raised in Petitioner's second appeal, but was not raised as a violation of his federal constitutional rights. (Br. Supp. Mot. to Dismiss at 1-2). Respondent argues that the Petition, therefore, should be dismissed so that Petitioner may return to state court to exhaust his claims. *Id.* at 2-3.

A prisoner challenging his confinement by way of a habeas corpus petition must exhaust his state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990), citing *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302-03 (1984). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals *and* in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning*, 912 F.2d at 881. The petitioner bears the burden of showing that state court remedies have been exhausted. *Prather v. Reese*, 822 F.2d 1418, 1420, n.3 (6th Cir. 1987).

Failure to exhaust bars review only when the state still provides a remedy to exhaust. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Where a petitioner "fails to present his claims to the state courts and . . . is barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust." *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995). In this case, Petitioner cannot file another post-conviction motion because the Michigan Court Rules prohibit filing second or

4

successive motions for relief from judgment, see Mich. Ct. R. 6.502(G)(1), unless either of the two exceptions to this rule is satisfied, namely, a retroactive change in the law or newly discovered evidence. Mich. Ct. R. 6.502(G)(2). Petitioner does not allege that either exception is relevant to his case and thus may not file a motion for relief from judgment in state court presenting these claims. No avenue for exhausting his claims is available to Petitioner in state court. Therefore, the Court denies Respondent's Motion to Dismiss.

For the same reasons, the Court denies Petitioner's Request to Stay and Abey Federal Habeas Proceedings Until State Remedies are Exhausted. At this time, the Court makes no finding as to whether Petitioner's claims are procedurally defaulted.

### III.

Also before the Court is Petitioner's Motion for Evidentiary Hearing. Rule 8, Rules Governing Section 2254 Cases in the United States District Courts, states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, *after the answer and the transcript and record of state court proceedings are filed*, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

*See* Rule 8, Rules Governing Section 2254 Cases (emphasis supplied). Since Respondent has not yet filed an Answer to Petitioner's Petition, Petitioner's Motion for Evidentiary Hearing is denied. Respondent shall file an Answer responding to the merits of the Petition for Writ of Habeas Corpus by March 1, 2007. If Petitioner deems necessary, following receipt of Respondent's Answer, he may request that the court reconsider the Motion for Evidentiary Hearing.

Accordingly,

IT IS HEREBY ORDERED that Respondent's Motion to Dismiss **[Docket No. 8, filed June 30, 2006]** is DENIED.

IT IS FURTHER ORDERED that Petitioner's Request to Stay and Abey Federal Habeas Proceedings **[Docket No. August 15, 2006]** is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion for Evidentiary Hearing **[Docket No. 25, filed October 10, 2006]** is DENIED without prejudice.

IT IS FURTHER ORDERED that Respondent shall file an Answer, in accordance with Rule 5, Rules Governing Section 2254 cases, addressing the merits of the Petition for Writ of Habeas Corpus on or before March 1, 2007.

s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE

Dated: February 2, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 2, 2007, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager
