UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DAVID RUELAS,

        Petitioner,                              Case Number: 06-CV-11994

v.                                                 HONORABLE DENISE PAGE HOOD

KENNETH MCKEE,

        Respondent.
                                                 /

**<u>ORDER DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT</u>**

Petitioner John David Ruelas, a state inmate currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court is Petitioner's Motion for Default Judgment.

Petitioner filed his habeas corpus petition on May 1, 2006. The Court issued an Order requiring Respondent to file a responsive pleading and all relevant materials required by Rule 5, Rules Governing Section 2254 Cases, by July 10, 2006. Respondent filed the relevant Rule 5 materials on July 30, 2006. Petitioner argues that he is entitled to entry of a default judgment in his favor because Respondent failed to file the Rule 5 materials by July 10, 2006.

A federal court may grant habeas corpus relief to "a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis supplied). Moreover, the Sixth Circuit Court of Appeals has held that a federal court may not grant habeas corpus

relief by entering a default judgment when the Office of the Attorney General fails to file a timely response to a habeas corpus petition. Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970). Other courts have held the same. *See* Bleitner v. Welborn, 15 F.3d 652 (7th Cir. 1994); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987). *Cf.* Ruiz v. Cady, 660 F.2d 337, 340 (7th Cir. 1981) (holding that the remedy of entering a default judgment as a sanction for respondent's failure to respond to habeas petition may be an appropriate remedy where the respondent is guilty of extreme and inadequately explained delays).

Here, Respondent filed the Rule 5 materials approximately three weeks after the date for filing these materials had passed. The Court finds that the three-week delay, while not to be condoned or excused, was not so extreme as to warrant sanctions. Thus, the Court must deny petitioner's request for a default judgment.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Default Judgment is **DENIED**.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATE: September 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record and John Ruelas, Reg. No. 422108, Standish Maximum Correctional Facility, 4713 W. M-61, Standish, MI 48658 on September 28, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager